IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEOSTABILIZATION INTERNATIONAL, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:25-cv-00453 ) Judge Aleta A. Trauger ) |
| PURE CONSTRUCTION SERVICES, LLC, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM**

As part of a construction project in Nashville, defendant Pure Construction Services, LLC ("Pure") subcontracted with plaintiff GeoStabilization International, LLC ("Geo"). Geo has petitioned the court to confirm an arbitration award arising from Pure's alleged non-payment. Pure moves to dismiss on the alternate grounds of improper service and because the contract contains a forum selection clause specifying another court. For the reasons set forth herein, the court will deny the defendant's Motion to Dismiss (Doc. No. 15) but quash service and allow Geo to properly serve Pure.

**I.     FACTS & PROCEDURAL HISTORY**

Pure entered into a Subcontract Agreement ("Contract") (Doc. No. 1-1)[1] with Geo, under which Geo was to provide "slope stabilization services." (Doc. No. 1 ¶ 6.) According to Geo, even though it performed, Pure made only incomplete payments. (*Id.* ¶¶ 8–14.) The Contract allows

---

[1] The court may consider the Contract because it is attached to the Complaint and central to its claims. *Mitchell v. City of Benton Harbor*, 137 F.4th 420, 445 (6th Cir. 2025) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

Pure to submit disputes to arbitration and to deny Geo's demands to arbitrate disputes. (Contract ¶ 12.2.) Geo states that it filed a demand for arbitration, after which Pure made a further incomplete payment. (Doc. No. 1 ¶¶ 12–14.) Geo alleges that it filed an amended demand for arbitration, to which Pure did not object,[2] and that a final arbitration hearing was held at which Pure did not appear. (*Id.* ¶¶ 14–17.) The day after the hearing, Geo alleges, Pure asked to reschedule the hearing but then did not comply with the arbitrator's instructions, after which the arbitrator denied Pure's request to reschedule and, on December 8, 2024, issued a Final Award (Doc. No. 1-3) of roughly $138,000 to Geo, payable within thirty days. (*Id.* ¶¶ 18–24.) Geo states that Pure has not made any payments toward the Final Award. (*Id.* ¶ 25.)

On April 22, 2025, Geo filed a Petition to Confirm Arbitration Award and Enter Judgment in this court (Doc. No. 1). The parties dispute whether Geo properly effected service of process, but it is undisputed that Geo used private process servers, rather than the United States Marshals Service. Pure has filed a Motion to Dismiss (Doc. No. 15) and Memorandum in support (Doc. No. 16), to which Geo has filed a Response (Doc. No. 19). Pure did not file a reply. Separately, Geo filed a Motion for Entry of Default (Doc. No. 14), which the Clerk of Court denied (Doc. No. 20).

## II. LEGAL STANDARD – 12(b)(5)

A defendant may move for dismissal because of "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The plaintiff then has the burden to prove that service was proper. *Savoie v. City of E. Lansing*, No. 21-2684, 2022 WL 3643339, at *2 (6th Cir. Aug. 24, 2022) (citing *Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 505 (6th Cir. 2017)). The court may determine disputed facts

---

[2] The Contract states that, if Geo files a demand for arbitration, "the Contractor [Pure] will advise the Subcontractor [Geo], within thirty (30) days after the receipt of such a demand for arbitration, if the Contractor exercises the option to arbitrate or rejects arbitration[.]" (Contract ¶ 12.2.) Geo appears to treat Pure's nonresponse as exercising the option to arbitrate. The parties do not discuss this issue.

and may examine affidavits and exhibits. *Howard v. Lilly*, No. 3:17-cv-322, 2018 WL 6204432, at *4 (E.D. Tenn. Nov. 28, 2018). As for the appropriate remedy for improper service, "federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant," in which case, "only the service need be repeated." 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1354 (4th ed. Sept. 2025 Update).

### III. DISCUSSION

#### A. Service of Process

Pure argues that the court should dismiss this case for improper service under Rule 12(b)(5). Pure argues that Geo was required to serve it by U.S. Marshal, and in the alternative that service was improper under Rule 4. Geo responds that Pure is wrong on both counts. The court agrees with Pure that service by U.S. Marshal was required in this case, and therefore service was improper. But quashing service, rather than dismissal, is the appropriate remedy.

##### 1. *The Federal Arbitration Act required service by U.S. Marshal in this case*

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "establishes a liberal federal policy favoring arbitration agreements." *Fleming v. Kellogg Co.*, No. 23-1966, 2024 WL 4534677, at *3 (6th Cir. Oct. 21, 2024) (quoting *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018) (internal quotation marks omitted)). Section 9 of the FAA allows parties to apply to the court specified in the arbitration agreement "for an order confirming" an arbitration award. 9 U.S.C. § 9; *accord Bay Shore Power Co. v. Oxbow Energy Sols., LLC*, 969 F.3d 660, 664 (6th Cir. 2020).[3] Under the FAA, the specified court "must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11." *Avient Corp. v. Westlake Vinyls, Inc.*, 145 F.4th 662, 666 (6th Cir.

---

[3] This arbitration agreement does not specify a court, and the plaintiff is proceeding under the court's diversity jurisdiction, which has not been contested by the defendant.

2025) (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 582 (2008) (internal quotation marks omitted)). Furthermore, Section 9 specifies the requirements for service of notice of an application to confirm an arbitration award:

> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. *If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.*

9 U.S.C. § 9 (emphasis added). Thus, the manner of service the FAA requires depends on where the award was made and the "residence" of the adverse party, here Pure. The parties agree that Pure is a *non*resident and therefore the third, italicized sentence of the above passage applies. (Doc. No. 16 at 5; Doc. No. 19 at 5.) The parties agree that Geo did not serve Pure by "marshal," but they disagree about whether it was required to do so. (Doc. No. 16 at 5–6; Doc. No. 19 at 5–7.)

Pure cites no cases in support of its argument that service by marshal was required—and therefore that service was improper—and instead relies solely on the FAA's text. The text states that nonresidents, like Pure in this case, "*shall* be served by . . . marshal." 9 U.S.C. § 9 (emphasis added). Pure was not served by marshal. From the text and the undisputed facts, Pure makes a strong argument that Geo did not properly effect service. *Cf. Bufkin v. Collins*, 604 U.S. 369, 379 (2025) ("'Shall' means 'must.'" (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171–172 (2016))).

In response, Geo argues that the FAA does not require service by marshal and that service in this case was sufficient under Rule 4.[4] (Doc. No. 19 at 7–9.) Geo argues that the FAA's service

---

[4] Geo also "urges" the court "to recognize Pure's argument for what it really is: a thinly veiled attempt to obtain dismissal on a technicality." (Doc. No. 19 at 6.)) But proper service "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.

4

by marshal requirement is outdated, inconsistent with the Federal Rules, and contrary to the FAA's purpose, in support of which Geo cites no in-circuit cases.[5] (Doc. No. 19 at 6.) Geo is correct that some courts have found that service by marshal is not required. *See, e.g.*, *Round Table Franchise Corp. v. Pizza Bytes, Inc.*, No. 1:20-cv-4914-LMM, 2020 WL 10221070, at *1 (N.D. Ga. Dec. 29, 2020) ("This Court agrees with persuasive authorities . . . which have held that 'in like manner as other process of the court' includes the service methods of Rule 4." (collecting cases)).

But the FAA's text is clear and controlling. As our sister court in this circuit has stated when interpreting an identical[6] provision in Section 12 of the FAA—regarding service of notice of motions to vacate, modify, or correct arbitration awards, rather than to confirm them—"[t]he wording of § 12 is clear. Service by marshal is required if the adverse party is a nonresident." *Shaut v. Hatch*, No. 1:18-cv-420, 2018 WL 3559081, at *2–3 (N.D. Ohio July 24, 2018). *See also Broome v. Am. Fam. Life Assurance Co. of Columbus*, No. 20-2852, 2021 WL 5355937, at *2 (3d Cir. Nov. 17, 2021) (affirming dismissal because the appellant did not serve the appellees "with process by the Marshal, as . . . expressly required by" 9. U.S.C. § 12).

---

1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). Without proper service, consent, waiver, or forfeiture, the court may not exercise personal jurisdiction over the defendant. *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (citing *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012), *cert. denied*, 568 U.S. 1195 (2013)).

[5] Geo cites *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), for the proposition that the purpose of the FAA is "to promote 'efficient, streamline procedures' for disputes." (Doc. No. 19 at 7 (quoting *AT&T*, 563 U.S. at 344).) But the mere fact that arbitration is meant to increase efficiency does not mean that the court should disregard a particular, even if onerous, requirement the FAA imposes.

[6] Identical except for the omission of a comma in Section 12. *Contrast* 9 U.S.C. § 9 ("If the adverse party shall be a nonresident, then . . . ."); *with id.* § 12 (If the adverse party shall be a nonresident then . . . .")).

In addition, Geo draws this court's attention to a published Ninth Circuit opinion, which the court finds persuasive.[7] (Doc. No. 19 at 6 n.1 (citing *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 828 (9th Cir.), *cert. denied*, 145 S. Ct. 158 (2024)).) As that opinion explains, in 1983, Congress amended Rule 4 to allow service of summons by non-party adults in most cases, the principal purpose of which was to "tak[e] the marshals out of summons service almost entirely." *Voltage*, 92 F.4th at 827 (quoting *Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 94 (1983)). In *Voltage*, the Ninth Circuit considered and rejected the conclusion some courts have reached that amendments to the Federal Rules implicitly repealed, or otherwise rendered "anachronistic," the FAA's service by marshal requirement. *Id.* at 827–29.

First, the court noted that, while marshals are no longer the default process servers, "the marshal requirement [in Section 9] mirrors contemporary Rule 4.1, which provides that '[p]rocess—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose.'" *Id.* at 828 (quoting Fed. R. Civ. P. 4.1 (second alteration in *Voltage*)). Thus, marshals still sometimes serve process under the Federal Rules. Moreover, this court notes that Rule 4(c)(3) specifies that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court," and the court must order such service if the plaintiff proceeds *in forma pauperis* or as a seaman. Fed. R. Civ. P. 4(c)(3).

---

[7] Counsel for Geo has admirably cited adverse authority outside the jurisdiction, in the absence of controlling Sixth Circuit authority.

Second, the Ninth Circuit rejected the argument, accepted by some courts, that the phrase "in like manner as other process of the court" means that service under Rule 4 suffices. To accept such an argument, the court wrote, would fail to give effect to every word and clause of the statute. *Voltage*, 92 F.4th at 828. Rather, the better interpretation of the FAA is to "read[] the marshal requirement as governing *who* can complete service and the latter phrase as governing the method the marshal may employ to complete it." *Id.* at 828–29. Thus, the court "h[e]ld that later amendments to the Federal Rules of Civil Procedure did not implicitly repeal the marshal requirement in § 9's nonresident service provision and that it is still valid where it applies." *Id.* at 829.

Some courts have found the FAA's service requirement inapplicable in certain circumstances. For example, Geo cites a case from the Second Circuit in support of its argument that "service by U.S. marshal is today 'often [] impossible,' which is the reason 'why private process servers are now the norm." (Doc. No. 19 at 7 (quoting *Commodities & Minerals Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 811 n.6 (2d Cir. 2022)). But Geo omits key context. *Commodities* involved an arbitration between two foreign corporations governed by the Convention on the Enforcement of Foreign Arbitral Awards, incorporated by Chapter 2 of the FAA. 9 U.S.C. § 201. Chapter 2 does not contain rules for service of process regarding foreign arbitral awards. Instead, it "incorporates the provisions of Chapter 1, though only 'to the extent that [Chapter 1] is not in conflict with [Chapter 2] or the Convention as ratified by the United States." *Commodities*, 49 F. 4th at 811 (quoting 9 U.S.C. § 208 (alterations in original).) Thus, the court addressed whether aspects of Chapter 1's service provision—the provision at issue in this case—applied to foreign arbitration awards, or if it conflicted with Chapter 2. The two full sentences from which the plaintiff draws state: "And in any event, service by the U.S. Marshal—

7

a domestic law enforcement official—would often be impossible on a foreign instrumentality overseas. This is why private process servers are now the norm, even in the context of foreign sovereigns." *Id.* at 811 n.6. The court found that requiring overseas service by marshal would not "make any sense," in part because, while Chapter 1's service provision indicates that parties shall be served by "the marshal of any district within which the adverse party may be found," as provided in Section 9, "there is often no 'district within which the adverse party may be found,' and hence no such marshal to be employed." *Id.* (quoting 9 U.S.C. § 9). This case does not involve foreign entities. And Geo has not made any argument that service by marshal would be impossible or even difficult. *Commodities* is not analogous and does not advance Geo's argument.

Furthermore, Geo has not argued that this court already has jurisdiction over Pure, rendering service unnecessary. *Accord, e.g.*, *Greenwich Ins. Co. v. Goff Grp., Inc.*, 159 F. App'x 409, 411 (3d Cir. 2005) ("Service of a motion to confirm the arbitration award by a U.S. Marshal is unnecessary where a party is already before the court." (citing *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 707 (2d Cir.1985))); *Willacy v. Marotta*, No. 1:14-cv-1858, 2016 WL 278796, at *1–2 (N.D. Ohio Jan. 22, 2016) (citing *Smigma*, 766 F.2d at 705), *aff'd in part, rev'd in part, and remanded on other grounds*, 683 F. App'x 468 (6th Cir. 2017). Nor has Geo argued that Pure waived service in their arbitration agreement or that the Contract incorporates rules that waive service.[8] *Contrast, e.g.*, *TVL Int'l, LLC v. Zhejiang Shenghui Lighting Co.*, No. 3:19-cv-393-RJC-DCK, 2021 WL 836875, at *5 (W.D.N.C. Feb. 3, 2021) ("[T]he [American Arbitration Rules] explicitly permit service to be made via mail and email to a party's representative in a court action to confirm an arbitration award."), *R. & R. adopted,* No. 3:19-cv-393-RJC-DCK, 2021 WL 830181

---

[8] The Contract contains a provision requiring "all notices" to be delivered by certified mail, email, telefax, or by hand. (Contract ¶ 13.5.) But Geo does not argue that this provision applies to this matter.

8

(W.D.N.C. Mar. 4, 2021); *with Dalla-Longa v. Magnetar Cap. LLC*, 33 F.4th 693, 696 (2d Cir. 2022) ("But even assuming the parties did agree to email service in the arbitration [proceedings], that agreement did not constitute Magnetar's written consent to service of papers by email in a subsequent lawsuit brought in federal court to vacate the arbitration award."). Thus, there is no evidence that the facts of this case warrant deviation from the FAA's service requirement. Accordingly, the court finds Geo's service improper.

### 2.     *Quashing service rather than dismissal is appropriate*

Geo requests, in the alternative to dismissal, that the court quash service. (Doc. No. 19 at 9–10.) There is no evidence that Pure was prejudiced by improper service. And there is no evidence that Geo would not be able to effectuate proper service. *Accord C.A.T. Glob. Inc. v. Gill X Transp. Grp.*, No. 24-cv-10319, 2025 WL 101075, at *5 (E.D. Mich. Jan. 15, 2025) ("The choice between quashing service and dismissing the complaint depends upon whether the plaintiff is likely to be able to effectuate proper service by another means." (quoting *K Mart Corp. v. Gen-Star Indus. Co.*, 110 F.R.D. 310, 315 (E.D. Mich. 1986))). Moreover, courts have repeatedly invoked the Sixth Circuit's statement that, "if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later." *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952). *See, e.g.*, *Shin v. Sun Poultry Servs. Inc.*, No. 2:25-cv-00003, 2025 WL 1561074, at *4 (M.D. Tenn. June 2, 2025) (Newbern, M.J.) (citations omitted), *R. & R. adopted,* No. 2:25-cv-00003, 2025 WL 1738671 (M.D. Tenn. June 23, 2025) (Crenshaw, J.). Accordingly, the court will quash service and permit Geo to re-serve Pure, in accordance with Section 9 of the FAA.

### B.     **Forum selection clause**

Pure argues that the Contract contains a forum selection clause specifying New York State Supreme Court, Erie County as the exclusive forum for all disputes between the parties and on this

basis moves, in the alternative to dismissal for improper service, to dismiss under both Rule 12(b)(3), for improper venue, and Rule 12(b)(6), for failure to state a claim. (Doc. No. 16 at 1, 4–5, 8–11.)[9] The court cannot exercise personal jurisdiction over Pure and therefore will not rule on Pure's Motion brought under 12(b)(6).[10] Nevertheless, the court will briefly address the argument regarding the Contract's forum selection clause.

The FAA provides that, if the parties have "agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," then within a year after the award is made, any party to the agreement may apply for a court order confirming the award. 9. U.S.C. § 9. Which court the parties apply to depends on their agreement. If the agreement specifies a court, then the parties must apply to that court. *Id.* If the agreement does not specify a court, "then such application may be made to the United States court in and for the district within which such award was made." *Id.* The parties disagree about whether the Contract specifies such a court.

The Contract's paragraph 12 is titled "Litigation and Arbitration" and contains two sub-paragraphs relevant here. Sub-paragraph 12.2, which the court has discussed above, concerns arbitration. It states that the "agreement to arbitrate shall be specifically enforceable under applicable law *in any court having jurisdiction thereof.*" (Contract ¶ 12.2 (emphasis added).) And

---

[9] The defendant states that it "makes a limited appearance for the purpose of filing its Motion to Dismiss . . . under Rule 12(b)(3), Rule 12(b)(5), *and* Rule 12(b)(6)," but then clarifies that its arguments under Rule 12(b)(3) and 12(b)(6) are made in the alternative to its argument under Rule 12(b)(5). (Doc. No. 16 at 1, 4–5 (emphasis added).)

[10] While the plaintiff does not make this point, the court observes that "Rule 12(b)(3) [is] not [a] proper mechanism[] to enforce a forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013). Instead, courts in this circuit have considered such motions brought under *forum non conveniens* and Rule 12(b)(6). *Accord The Display Grp., Ltd. v. Total Quality Logistics, LLC*, No. 25-cv-12434, 2026 WL 66865, at *2 (E.D. Mich. Jan. 8, 2026) (collecting cases).

it states that "the award rendered by the arbitrators shall be final and *judgment may be entered upon it in accordance with the applicable law in any court having jurisdiction thereof.*" (*Id.* (emphasis added).) Thus, the parties to the arbitration agreement "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," but they did not specify a court to which they must apply to confirm an arbitration award. 9 U.S.C. § 9. Rather, under the FAA, they must submit the application to "the United States court in and for the district within which such award was made." *Id.* Pure does not contest Geo's allegation that the arbitration award was made in this judicial district. (Doc. No. 1 ¶ 4.) As Geo argues, because the Contract does not specify a court, and because Pure does not dispute that the award was made in this district, its application to this court appears to have been proper. (Doc. No. 19 at 10–12.)

Pure, for its part, does not mention sub-paragraph 12.2 in its brief. Instead, Pure points to the next sub-paragraph, which states that "[n]othing contained in this Article 11 [sic] or elsewhere in this Agreement shall prohibit Contractor from commencing an action (lawsuit) against the Subcontractor[.]" (Contract ¶ 12.3.) Further, the Contract states, "[a]ny such action, and all actions by either party hereto, shall be venued and heard exclusively in Supreme Court, Erie County." (*Id.*) Referring to this latter provision, Pure argues that the "agreement clearly and unequivocally specifies the court and forum in which a party must bring *all actions*, which would obviously include the present action to confirm an arbitration award." (Doc. No. 16 at 9 (emphasis in original).) Because the agreement specified the Supreme Court in Erie County, Pure argues, Geo must apply to that court to confirm the arbitration award.

Geo responds that Pure misapplies the forum selection clause in sub-paragraph 12.3, which concerns litigation, to sub-paragraph 12.2, which concerns arbitration. (Doc. No. 19 at 11–12.) Further, Geo argues, if Pure's argument were correct, it would negate parts of sub-paragraph 12.2,

11

which goes against established cannons of contract construction. (*Id.* at 11–12.) The court agrees with Geo. One sub-paragraph addresses confirmation of arbitration awards, and does not specify a court; another sub-paragraph addresses lawsuits, and does specify a court. Pure's argument that sub-paragraph 12.3's use of "all actions" would include applications to confirm arbitration awards is not, viewed in isolation, baseless. But when "all actions" is read in context, Pure's argument is without merit.

## IV. CONCLUSION

Accordingly, Pure's Motion to Dismiss (Doc. No. 15) will be denied. The court will quash the deficient service of process, and Geo may attempt service again.

Last, the court notes that, while it must faithfully construe statutes and therefore, in this case, find service improper, the defendant has not argued that it has suffered any prejudice because of the improper service. By this point, Pure has actual notice and has briefed a motion in this case. Moreover, when Rule 4 applies, civil defendants like Pure have "a duty to avoid unnecessary expenses of serving the summons," and, if such a defendant fails to waive service without good cause, it must pay the costs of effecting service and attorney's fees. Fed. R. Civ. P. 4(d)(1)–(2); *accord Maben v. Terhune*, No. 16-1025, 2016 WL 9447153, at *2 (6th Cir. Aug. 19, 2016). The record does not show that Geo requested that Pure waive service. In the interest of efficiency, and to conserve the time and resources of the parties and the United States Marshals Service, in particular, the plaintiff might consider requesting that Pure waive service, and Pure might consider complying with that request. The form for doing so is on the court's website.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge